IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES D. BLACKBEAR,

         Plaintiff,

  v.                 CASE NO. 16-3229-SAC

BUTLER COUNTY JAIL, et al.,

         Defendants.

**NOTICE AND ORDER TO SHOW CAUSE**

  Plaintiff James D. Blackbear, a state prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff is ordered to show good cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

  Mr. Blackbear was a pre-trial detainee at the Butler County Jail in El Dorado, Kansas, at the time he filed his Complaint. He is currently incarcerated at Winfield Correctional Facility. Mr. Blackbear filed this lawsuit on November 14, 2016, and was directed to refile his Complaint on the court-approved form. He complied, filing his Complaint on the correct form on November 23, 2016 (Doc. #3).

  Mr. Blackbear makes a number of allegations about his treatment at the Butler County Jail. He states he was denied proper medical treatment while detoxing from heavy drug use; he was denied telephone use and video visitation on November 18, 2016; and the staff has been treating him with animosity since he filed this lawsuit. He also mentions he was denied food

1

consistent with his religious beliefs and/or food allergies from October 29, 2016, until November 18, 2016, after he filed his initial complaint in this lawsuit.

Plaintiff names the Butler County Jail and Deputy (FNU) Flax as defendants. He requests relief in the form of $2.5 million. Mr. Blackbear does not specify which of his constitutional rights he believes Defendants have violated.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a *pro se* plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing

pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

### III. Discussion

Plaintiff's Complaint is subject to dismissal for several reasons.

#### A. Exhaustion of administrative remedies

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[1] While failure to exhaust is an affirmative defense and a plaintiff is generally not required to plead it in the complaint, when that failure is clear from materials filed by the plaintiff, the Court may *sua sponte* require the plaintiff to show

---

[1] To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.")(citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question *sua sponte*, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

Plaintiff acknowledges in his Complaint that he did not exhaust whatever administrative remedies are provided by the Butler County Jail. In response to the statement, "I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C," Plaintiff marked "no." He states he failed to do so because the jail "lacks the proper staff members needed to be employed to handle any of the basic operating functions of a facility that supervises or incarcerates individuals in its place of operation." Doc. #3 at 5. This is not a valid excuse for failing to exhaust his administrative remedies before filing this lawsuit. Consequently, Plaintiff's Complaint is subject to dismissal for failure to state a claim on which relief may be granted because he has not complied with § 1997e(a).

### B. Defendants

Plaintiff names two defendants: the Butler County Jail and Deputy Flax. The Butler County Jail is not a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005). As a result, the Butler County Jail is not a proper defendant and is subject to dismissal from this lawsuit.

While Deputy Flax is not an improper defendant, the only allegation Plaintiff makes involving him is that he "interrupted the consulting of and with medical staff to reply to medical

question for medical matters for nurse." Doc. #3 at 2. This allegation does not state an actionable claim against Deputy Flax for the violation of Mr. Blackbear's constitutional rights. Therefore, Defendant Flax is also subject to dismissal from this lawsuit.

### C. Count I: Medical treatment

Mr. Blackbear asserts he was not properly treated for withdrawal from heavy narcotic use. He alleges this lack of treatment resulted in a "possible minor stroke." Doc. #3 at 2. He further complains about poor treatment for possible blood in his stool, claiming medical staff was not present 24 hours a day, jail staff sometimes refused to examine his stool in the absence of the medical staff, and his stool samples were not tested in a laboratory.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008)(citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559,

575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1304-05 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Mr. Blackbear has failed to state a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment. While withdrawing from drugs can in some cases be a serious medical need resulting in an excessive risk to inmate health, Plaintiff simply does not provide enough facts about his own situation. He does no more than baldly allege "Defendant failed to properly treat, or follow protocol for inmates detoxing from drug and alcohol use." Doc. #3 at 3. He does not explain his symptoms; whether he requested treatment; and what, if any, actions Defendants took. He does not provide any details about the "possible minor stroke," such as when it occurred, why he believes it may have been a stroke or why he thinks it was related to withdrawing from narcotics.

As for the allegations related to blood in his stool, Mr. Blackbear has not demonstrated either a serious medical condition or deliberate indifference on the part of the defendants. His allegations show he was being monitored. At most, Mr. Blackbear's allegations demonstrate a disagreement with the treatment he received, which is not sufficient to show defendants were deliberately indifferent to his needs. See *Estelle*, 429 U.S. at 106–07 (mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable

treatment does not constitute cruel and unusual punishment); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for Eighth Amendment claim).  As the U.S. Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105−106 (footnote omitted).

Unless Plaintiff alleges additional facts to establish the essential elements of an Eighth Amendment claim, his claims related to inadequate medical care will be dismissed.

### D.  Count II:  Phone call/video visit

Mr. Blackbear complains of one day, November 18, 2016, when he had a video visit scheduled and he did not get to have the call, then his attempts to make a phone call instead were hindered by a telephone system problem.  Plaintiff does not explain who he was attempting to call.

These allegations do not rise to the level of a constitutional violation.  Most courts have found prisoners have a limited First Amendment right to telephone access, subject to reasonable limitations.  *See Burnett v. Jones*, 437 F. App'x 736, 745 (10th Cir. 2011); *Robinson v. Gunja*, 92 F. App'x 624, 627 (10th Cir. 2004)(citing *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994)).  However, the inability to make a call or conduct a video visit on one day under the circumstances Plaintiff describes does not implicate the Constitution.  *See Burnett*, 537 F. App'x at 745.  Plaintiff's claim related to telephone access is subject to dismissal.

### E.  Special meals

Mr. Blackbear claims "[d]eputies fail[ed] to substitute food served due to food allergies or religious beliefs" from October 29, 2016, when he entered the Butler County Jail, until November 18, 2016.  Plaintiff does not explain in any more detail why he needed special meals or what alterations to the regular meal he requested.  This lack of specific allegations is fatal to his claim.

If Mr. Blackbear is claiming his religious beliefs require him to only eat certain foods, "[u]nder the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(citation omitted); *McKinley v. Maddox*, 493 F. App'x 928, 932 (10th Cir. 2012); *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205, 1213 (10th Cir. 1999).  In order to state a constitutional denial of free exercise of religion claim, a prisoner must allege that defendants "substantially burdened" his religious beliefs through intentional interference. *Gallagher*, 587 F.3d at 1069-70.   Given Plaintiff's lack of specific allegations, the Court cannot even determine whether he is claiming he needed special meals for religious reasons or due to food allergies, let alone whether or not he had sincerely-held religious beliefs that were substantially burdened.  This claim is also subject to dismissal.

Even if Plaintiff were to make out a valid First Amendment free exercise of religion claim based on the denial of a special diet, he cannot recover actual or compensatory damages for that claim, since he alleges no physical injury.  *See Searles v. Van Bebber*, 251 F.3d 869, 876-77 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002)(holding that the limitation on recovery in 42 U.S.C. § 1997(e)(e) applied to a First Amendment claim that prison officials denied the plaintiff a Kosher diet).  Since Mr. Blackbear acknowledges he began receiving special meals on

8

November 18, 2016, and since he is no longer at the Butler County Jail, any injunctive relief would be moot.

### F. Count III: Retaliation/Discrimination

It is not clear precisely what violation Mr. Blackbear is alleging in Count III. He titles the count "Discrimination and prejudiceness of religious, criminal case, race, or legal action against, and medical problems." Doc. #3 at 4. Based on his supporting facts, it seems Plaintiff believes jail staff members retaliated against him for filing this lawsuit.

As with Mr. Blackbear's other counts, Count III suffers from insufficient supporting facts. He states he started receiving special meals on November 18, 2016, after requesting these meals since October 29, 2016. He goes on to say he was placed in a medical observation cell that same day and did not get to do a video visit or phone call, due to either scheduling or technical problems. He states, "I am ordered for five days, till 11-23-16, to be housed under these pretenses, and because of suit (complaint) filed against the facility." Doc. #3 at 8. In addition, he complains of "unprofessional and discriminative comments and remarks by employees and staff" (Doc. #3 at 9) and being treated with hostility and animosity.

It is well-established that jail "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted). To support a First Amendment retaliation claim, the plaintiff must provide proof that he engaged in constitutionally-protected conduct, that the defendants caused him an injury which would chill a person of ordinary firmness from continuing that conduct, and that the defendants were substantially motivated by that conduct. *Shero v. City Grove, Okla.*, 510 F.3d 1196, 1203 (10th

Cir. 2007).  "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson,* 149 F.3d at 1144.

Mr. Blackbear engaged in constitutionally-protected conduct by filing this lawsuit. However, he has not shown any injury sufficient to support a retaliation claim.  He claims he was placed in a medical observation cell for five days and started receiving the special meals he had requested.  Obviously, neither of these actions qualifies as an injury.  But, Mr. Blackbear questions the motivation for these actions and complains of staff members' attitude and comments.  "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'"  *Alavarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005)(citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)).  A hostile attitude and unprofessional comments may not be appropriate, but they do not create the "terror of instant and unexpected death" necessary to rise to the level of a constitutional violation.

Plaintiff's claims in Count III are also subject to dismissal for failure to state an actionable claim under § 1983.

**IV.  Response and/or Amended Complaint Required**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  The failure to file a timely, specific response waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all of the deficiencies discussed herein.  An Amended Complaint completely supersedes the original complaint; it must contain all allegations and claims Plaintiff intends to pursue.  Plaintiff must name every defendant in the caption of the Amended Complaint and should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  The Amended Complaint must name proper defendants, must show Plaintiff has exhausted the administrative remedies for all claims alleged, and must allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court.  If Plaintiff does not file an Amended Complaint within the prescribed time that cures all of the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 9, 2018**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same time period Plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED:  This 7th day of February, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**