## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES D. BLACKBEAR,

                         Plaintiff,

          v.                                    CASE NO. 16-3229-SAC

BUTLER COUNTY JAIL, et al.,

                         Defendants.

## <u>MEMORANDUM AND ORDER</u>

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges that he suffered mistreatment while a pre-trial detainee at the Butler County Jail in El Dorado, Kansas. He claims he was denied proper medical treatment while detoxing from heavy drug use; he was denied telephone use and video visitation on November 18, 2016; and the staff treated him with animosity after he initially filed this lawsuit. He also mentions he was denied food consistent with his religious beliefs and/or food allergies from October 29, 2016, until November 18, 2016, after he filed his initial complaint in this lawsuit. Plaintiff seeks compensatory damages.

On February 7, 2018, the Court entered a Notice and Order to Show Cause (Doc. 12)("NOSC") ordering Plaintiff to show cause by March 9, 2018, why this matter should not be dismissed due to the deficiencies set forth. The NOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff has not responded to the NOSC.

As explained in the NOSC, Mr. Blackbear's complaint is subject to dismissal for a number of reasons. First, it is clear from face of the complaint that Plaintiff did not exhaust his administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e(a). Second, his claim related to inadequate medical care is not supported by sufficient facts to establish the essential elements of an Eighth Amendment claim. Third, his allegations about the denial of telephone use do not rise to the level of a constitutional violation. *See Burnett v. Jones*, 437 F. App'x 736, 745 (10th Cir. 2011). Fourth, Plaintiff failed to include enough specific factual allegations to state a claim related to the denial of special meals. Finally, Mr. Blackbear's claim of unconstitutional retaliation is deficient because the hostile attitude of jail staff and unprofessional comments do not create the "terror of instant and unexpected death" necessary to rise to the level of a constitutional violation. *See Alavarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)). All of Plaintiff's claims are dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED: This 23rd day of March, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**